IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-40024-02 |
| ) | |
| JEFF ALEX MAZON and ALI HIJAZI, ) | |
| ) | |
| Defendants, ) | |

GOVERNMENT'S REPLY TO DEFENDANT'S
OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE
DEFENDANT'S MOTION TO DISMISS

NOW COMES the United States of America, through its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Greggory R. Walters, Assistant United States Attorney, and in support of its reply to the Defendant's opposition to the government's motion to strike the Defendant's motion to dismiss states as follows:

Argument

On pages one through two of his opposition, the Defendant contends that certain facts alleged by him on page three of his memorandum in support of his motion to dismiss are not disputed by the government since the government did not address those alleged facts in its motion to strike. The government in its motion to strike did not reach the merits of the Defendant's motion to dismiss and, therefore, had no occasion to address the Defendant's alleged facts. The sole issue presented by the motion to strike is whether this Court should exercise its discretion to entertain a pre-arraignment motion to dismiss by the Defendant. If this Court were to deny the government's motion to strike, whether facts alleged by the Defendant in his motion to dismiss are disputed by the government should be left for when the government

responds to the motion to dismiss.  As of now, the government does not stipulate to or agree with any statement, legal or factual, made by the Defendant in his motion to dismiss.  Moreover, to the extent there is a legal requirement the government must deny every unsupported factual allegation made by a defendant in a brief lest the government risk having stipulated to the alleged fact, the government denies the factual allegations set forth in the Defendant's opposition to the motion to strike.

The Defendant points out that the government has not argued in its motion to strike that the Defendant meets the common law definition of a "fugitive."  However, in *Hughes v. Thompson*, 415 U.S. 1301, 1302 (1974), the issue of whether the defendant in that case was a fugitive was not even addressed by Justice Douglas when he held, "Whether the motion [to dismiss the indictment] should be disposed of prior to the arraignment rests in the sound discretion of the District Court."  Accordingly, regardless of whether the Defendant is a fugitive, it is within this Court's sound discretion whether it should entertain the Defendant's motion to dismiss prior to his arraignment.

The concerns underlying the district court's decision in *United States v. Oliveri*, 190 F. Supp. 2d 933 (S.D. Tex. 2001), apply equally to those defendants who meet the common law definition of "fugitive" and those who otherwise were not in the United States during the commission of the crime or upon return of the indictment.  In either scenario, upon filing a pre-arraignment motion to dismiss, either type of defendant is attempting to obtain the benefit of a favorable ruling from the court without risking the burdens that flow from an adverse ruling, *i.e.* submission to the court's jurisdiction upon an unfavorable ruling.  *See id.* at 936.  Accordingly, the reasoning in *Oliveri*, along with the policy concerns raised by the government in its

memorandum in support of its motion to strike, should guide this Court in its determination to exercise its discretion not to entertain the Defendant's motion to dismiss.

Lastly, instead of addressing the merits of the government's policy argument, the Defendant creates a straw man by re-characterizing the argument as the "floodgates argument" rejected by the district court in *Noriega*. *See United States v. Noriega*, 683 F. Supp. 1373, 1375 (S.D. Fla. 1988). The government did not in any manner state or imply that entertaining the Defendant's motion to dismiss would throw open the "floodgates" to pre-arraignment motions. Instead, the government made the common sense observation that the entertaining of pre-arraignment motions from defendants reposing abroad would only embolden those who seek to defraud the United States by providing them with an additional layer of protection. This is even more true where, as here, there is no extradition treaty with the nation in which the Defendant resides. *See* Memorandum in Support of Motion to Strike, App. A. The Defendant's re-characterization of the government's policy argument does not address, but instead avoids, the government's argument why such an extra layer of protection should not be afforded to the Defendant.[1]

---

[1] The government filed its motion to strike prior to the return of the superseding indictment by the grand jury. Based on the Defendant responding to the motion to strike after the return of the superseding indictment and his statements in footnote 2 of his opposition to the motion to strike, the government assumes the Defendant is reviving its motion to dismiss with respect to the superseding indictment. However, so that the record is clear for any review process that may take place upon this Court's resolution of the pending motions, the government respectfully requests this Court inquire of the Defendant whether he is reviving his motion to dismiss with respect to the superseding indictment. Absent such revival, his motion to dismiss and, consequently the government's motion to strike, would be moot. *See* CDIL-LR 7.1(E). If the Defendant revives his motion to dismiss, the government revives its motion to strike the motion to dismiss.

**Conclusion**

WHEREFORE, if the Defendant revives his motion to dismiss, the United States respectfully requests this Court to strike the motion to dismiss and accompanying memorandum of law or otherwise deny the motion without reaching the merits thereof.  Alternatively, if this Court denies the government's motion to strike and exercises its discretion to entertain the Defendant's revived motion to dismiss, it respectfully requests 14 days from the entry date of the District Court's order to file its response to the Defendant's revived motion to dismiss.

    Respectfully submitted,

    UNITED STATES OF AMERICA

    JAN PAUL MILLER
    UNITED STATES ATTORNEY

By:    /s/ Greggory R. Walters
    Greggory R. Walters
    Assistant United States Attorney
    One Technology Plaza
    211 Fulton Street, Ste. 400
    Peoria, Illinois 61602
    Tel: 309/671-7050
    Fax: 309/671-7259
    E-mail: greggory.walters@usdoj.gov
    Ill. Reg. No. 6256826

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. J. Scott Arthur
>*Counsel for Defendant Jeff Alex Mazon,*
>
>and
>
>Mr. H. Christopher Bartolomucci
>*Counsel for Defendant Ali Hijazi*

/s/ Margo Scamp
Legal Assistant
