UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES, ) | |
|      Plaintiff, ) | |
| v. ) | Case No. 05-40024 |
| ALI HIJAZI, ) | |
|      Defendant. ) | |

**O R D E R**

Before the Court are Defendant Ali Hijazi's Motion to Dismiss the Indictment [Doc. # 15]; the Government's Motion to Strike Defendant's Motion to Dismiss [Doc. # 19]; and Magistrate Judge Gorman's Report and Recommendation [Doc. # 30].  For the reasons that follow, the Magistrate Judges' Recommendation will be adopted in part and the Motion to Strike will be granted in part.

**BACKGROUND**

On March 16, 2005, a grand jury returned an indictment against Jeff Alex Mazon, an American, and Ali Hijazi (Hijazi), a Kuwaiti citizen, charging multiple counts of major fraud and wire fraud violations against the United States.  Thereafter, Kuwaiti authorities took Hijazi into custody in Kuwait and released him on bail.  Because the United States has no extradition treaty with Kuwait, the Government has no formal means to request Hijazi's presence in the United States for this criminal prosecution.  On May 3, Hijazi, through counsel, filed a Motion to Dismiss the indictment arguing this Court lacks jurisdiction over him because he is a foreign national being prosecuted by the United States for

extraterritorial conduct. The Government moved to strike Hijazi's motion, arguing this Court should not address the merits of Hijazi's dismissal motion until he is arraigned on the indictment. On May 20, the grand jury returned a superseding indictment again charging Mazon and Hijazi with multiple counts of major fraud and wire fraud.[1]

The case was referred to Magistrate Judge Gorman for a report and recommendation on the pending motions. Magistrate Judge Gorman recommended that the Government's Motion to Strike be granted and that the Motion to Dismiss be stricken with leave to re-raise the issues should Hijazi appear in this jurisdiction for arraignment. Hijazi has objected to the Magistrate Judges' recommendation and the Government has responded to those objections. This order follows.

## ANALYSIS

"Whether [a motion to dismiss an indictment] should be disposed of prior to the arraignment rests in the sound discretion of the District Court." Hughes v. Thompson, 415 U.S. 1302 (1974) (order denying motion for leave to file petition for writ of mandamus and/or prohibition by Justice Douglas). Hijazi urges this Court to exercise its discretion to resolve the jurisdictional issue in this case prior to his arraignment on the indictment. However, if the Court were to deny Hijazi's dismissal motion there is no guarantee that Hijazi will appear for arraignment. In short,

---

[1] Rather than having the Parties refile their respective motions, the Court will treat the motions as having been carried over to the superceding indictment.

Hijazi is under no compulsion to be arraigned and has very little, if anything, to lose from a decision by this Court on the jurisdictional issue and everything to gain.

The magistrate judge concluded that Hijazi is a fugitive because he is refusing to surrender to the jurisdiction of this Court and recommended that this Court apply the fugitive disentitlement doctrine to deny Hijazi relief.  The Court believes, however, that Hijazi's situation is distinguishable from the fugitive disentitlement line of cases because Hijazi has not yet been convicted of a crime, Hijazi has never been physically present within the jurisdiction of this Court, and he has submitted to Kuwaiti authorities.  <u>Cf.</u> Black's Law Dictionary 680 (7th Ed. 1999) (defining fugitive as "A criminal suspect who flees, evades, or escapes arrest, prosecution, or imprisonment, esp. by fleeing the jurisdiction or by hiding); <u>Degen v. United States</u>, 517 U.S. 820 (1996) (under fugitive disentitlement doctrine federal courts have authority to dismiss appeal or writ of certiorari if party seeking relief is fugitive while matter is pending; reversing district court's application of doctrine to civil forfeiture proceedings where court had jurisdiction over property subject to forfeiture); <u>Molinaro v. New Jersey</u>, 396 U.S. 365, 365-66 (1970) (applying disentitlement doctrine to criminal appeal; "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it

disentitles the defendant to call upon the resources of the Court for determination of his claims."); however, see <u>Sapoundjiev v. Ashcroft</u>, 376 F.3d 727, 729 (7th Cir. 2004) ("anyone who is told to surrender, and does not, is a fugitive). Nonetheless, despite the Court's disinclination to apply the fugitive disentitlement doctrine, the Court finds that the premises upon which the fugitive disentitlement doctrine are based are instructive here.

One of the principal justifications for the fugitive disentitlement doctrine is the desire for mutuality in litigation. <u>See</u> <u>Smith v. United States</u>, 94 U.S. 97 (1876) ("It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we may render."); <u>Sapoundjiev</u>, 376 F.3d at 728-29 ("Litigation entails reciprocal obligations: an appellant (or petitioner) who demands that the United States respect a favorable outcome must ensure that an adverse decision also can be carried out. . . . Someone who cannot be bound by a loss has warped the outcome in a way prejudicial to the other side; the best solution is to dismiss the proceeding."). This principle is particularly relevant here, where Hijazi has little to lose--if anything--from an unfavorable ruling on his motion.

After thorough consideration, the Court has decided not to render a decision on Hijazi's motion to dismiss until after he is arraigned on the indictment. That being said, the Court recognizes that Hijazi is entitled to a ruling on the motion should he appear before this Court. <u>See</u> Fed. R. Crim. P. 12(d) ("The court must decide every pretrial motion before trial unless it finds good

cause to defer a ruling."). Accordingly, Hijazi's motion will not be stricken but will be held in abeyance until after his arraignment.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Ali Hijazi's Motion to Dismiss the Indictment [Doc. # 15] will be held in abeyance until such time after he is arraigned on the indictment.

IT IS FURTHER ORDERED that the Government's Motion to Strike Defendant's Motion to Dismiss [Doc. # 19] is granted in part and denied in part.  The Court will not rule on Defendant's Motion to Dismiss until after he is arraigned on the indictment.

IT IS FURTHER ORDERED that Magistrate Judge Gorman's Report and Recommendation [Doc. # 30] is adopted in part.  The Court will defer ruling on Defendant's Motion to Dismiss, however, the motion will not be stricken.


Entered this    20th    day of July, 2005.


                                              s/Joe B. McDade
                                              JOE BILLY McDADE
                                   United States District Judge