UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-40024 |
| ALI HIJAZI, | ) |
| Defendant. | ) |

**DEFENDANT ALI HIJAZI'S MOTION TO DISMISS
THE SECOND SUPERSEDING INDICTMENT
AND REQUEST FOR ORAL ARGUMENT**

Pursuant to Rules 12, 47, and 48 of the Federal Rules of Criminal Procedure and this Court's Local Rule 7.1, Defendant Ali Hijazi hereby moves to dismiss the Second Superseding Indictment.

In support of his motion to dismiss, Hijazi states as follows:

1.   Ali Hijazi a foreign national and a lifelong resident of Kuwait. He is not and has never been an American citizen.

2.   Hijazi has been to the United States only once, in 1993, on a brief trip wholly unrelated to this case. He has never set foot in the State of Illinois.

3.   Hijazi owns no real or other property in the United States, and has never filed a federal or state income tax return in this country.

4.   Hijazi was initially charged in an Indictment dated March 16, 2005. Thus, Hijazi was indicted nearly three years ago.

5. All of the alleged conduct of which Hijazi is accused allegedly took place in Kuwait.

6. The alleged conduct of which Hijazi is accused is not a crime in Kuwait.

7. Following his indictment, Hijazi voluntarily surrendered to Kuwaiti authorities. He posted bond, which was later refunded.

8. On May 2, 2005, Hijazi moved to dismiss the Indictment on grounds that the Court lacks jurisdiction and that the exercise of jurisdiction over him would violate the Due Process Clause of the Fifth Amendment.

9. On May 20, 2005, Hijazi was charged in a Superseding Indictment.

10. On July 20, 2005—some two and a half years ago—this Court issued an Order in which it "decided not to render a decision on Hijazi's motion to dismiss until after he is arraigned on indictment." July 20, 2005 Order at 4. The Court ordered that Hijazi's motion "will be held in abeyance until after his arraignment." *Id*. at 5.

11. In its July 20, 2005 Order, this Court ruled that Hijazi is not a fugitive because "Hijazi has not yet been convicted of a crime, Hijazi has never been physically present within the jurisdiction of this Court, and he has submitted to Kuwaiti authorities." *Id*. at 3.

12. On August 3, 2006, Hijazi was indicted in a Second Superseding Indictment.

13. Under the Extraterritoriality Canon—the interpretive presumption that Acts of Congress do not apply outside of the United States—the federal

statutes that Hijazi is accused of violating ("the charging statutes") do not apply to the foreign conduct of a foreign national.

14. The Military Extraterritorial Jurisdiction Act of 2000 confirms that the charging statutes do not reach Hijazi's alleged conduct in Kuwait.

15. The criminal prosecution of Hijazi in the United States violates an international agreement entered into by the United States and Kuwait in 1991 known as the Defense Cooperation Agreement.

16. The Government of Kuwait, through its Ambassador to the United States, has protested the prosecution of Hijazi and asked the Department of Justice to dismiss the case.

17. The application of the charging statutes to Hijazi's alleged conduct overseas would violate international law, and, therefore, the statutes may not be construed to have such application.

18. Hijazi's construction of the charging statutes is supported by the Rule of Lenity in criminal matters.

19. The Due Process Clause precludes the exercise of personal jurisdiction over Hijazi.

20. The United States and Kuwait do not have an extradition treaty. Thus, "the Government has no formal means to request Hijazi's presence in the United States for this criminal matter." July 20, 2005 Order at 1.

21. For almost three years, the United States has failed to bring Hijazi to the United States to stand trial, and there is no reason to believe that the United

States will ever be able to bring him to this country for trial.  It is the responsibility of the United States, not Hijazi, to bring this matter to trial.

22. The Court should dismiss the case based on the Government's failure to prosecute.  For nearly three years, the Government has failed to bring the matter to trial, and there is no reason to believe that the case will ever be tried.

23. The Court should not hold Hijazi's newly-filed motion to dismiss in abeyance.  This Court has a duty to determine whether it has subject-matter and personal jurisdiction in this matter.  Furthermore, placing an indefinite hold on Hijazi's motion would result in serious hardship to Hijazi and violate due process.

THEREFORE, the Second Superseding Indictment of August 3, 2006, should be dismissed with prejudice.

In accordance with CDIL-LR 7.1(B)(1), this motion is accompanied by a supporting memorandum of law and a motion for leave to exceed in that memorandum the word and character limits in CDIL-LR 7.1(B)(4).

## Request for Oral Argument

Pursuant to CDIL-LR 7.1(A)(1)(a), Defendant hereby requests that the Court schedule oral argument on his Motion to Dismiss the Second Superseding Indictment.  Defendant believes that oral argument would be of assistance to the Court in resolving the several jurisdictional and constitutional issues raised in the motion to dismiss.  Oral argument is also desired because Defendant, a resident of another sovereign nation, was indicted in this country almost three years ago and

yet counsel for Defendant has never been afforded the opportunity to appear before this Court to argue on his behalf in this matter.

                                                      Respectfully submitted,

                                                     <u>s/ H. Christopher Bartolomucci</u>
                                                     Ty Cobb
                                                     H. Christopher Bartolomucci
                                                     HOGAN & HARTSON L.L.P.
                                                     555 Thirteenth Street, N.W.
                                                     Washington, D.C. 20004
                                                     Telephone: (202) 637-5600
                                                     Fax: (202) 637-5900
                                                     TCobb@hhlaw.com
                                                     HCBartolomucci@hhlaw.com

Dated: December 21, 2007                        *Counsel for Defendant Ali Hijazi*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2007, I electronically filed the foregoing Defendant Ali Hijazi's Motion to Dismiss the Second Superseding Indictment and Request for Oral Argument with the Clerk of the Court using the CM/ECF system which will send notification of the filing to:

>Jeffrey B. Lang
>Assistant United States Attorney
>1830 Second Avenue, Third Floor
>Rock Island, IL 61201
>
>*Counsel for Plaintiff*
>
>
>J. Scott Arthur
>14315 South 108th Avenue
>Suite 222
>Orland Park, IL 60467
>
>*Counsel for Defendant Jeff Alex Mazon*

s/ H. Christopher Bartolomucci
H. Christopher Bartolomucci
