IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-40024-02 |
| ) | |
| ALI HIJAZI, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION TO STAY RULING ON DEFENDANT HIJAZI'S
SECOND MOTION TO DISMISS THE INDICTMENT AND
TO HOLD MOTION IN ABEYANCE PENDING ARRAIGNMENT**

NOW COMES the United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, John A. Michelich, Senior Trial Attorney, United States Department of Justice, Criminal Division, and Jeffrey B. Lang and Matthew J. Cannon, Assistant United States Attorneys, and respectfully submits this motion requesting the Court to stay any ruling on defendant Hijazi's second motion to dismiss the indictment, and to hold Hijazi's motion in abeyance pending his appearance before this Court.

**Introduction**

This is defendant's second motion to dismiss the indictment based on jurisdictional grounds. When considering defendant's first motion to dismiss, this Court decided that the motion should be held in abeyance, and that any jurisdictional arguments would be heard only after defendant appears in this jurisdiction and is arraigned on the indictment.

Hijazi is a foreign national and a resident of Kuwait. Apparently, defendant is not satisfied with the Court's earlier decision, and still refuses to appear before this Court to answer the charges. Hijazi, once again, seeks the benefit of a ruling from this Court on the merits, without any risk to himself. Because Hijazi voluntarily remains outside the Court's jurisdiction, he cannot be made to respond to any judgment of this Court. Thus, Hijazi has nothing to lose from an unfavorable ruling on his motion.

The United States submits, therefore, that the Court need not -- indeed, should not -- consider the merits of defendant's second motion to dismiss, until such time as the defendant appears for arraignment before this Court.

**Background**

1. On March 16, 2005, a grand jury returned an indictment against defendant Hijazi and co-defendant Jeff Mazon, charging them with perpetrating a scheme to defraud in violation of the Major Fraud Act, 18 U.S.C. § 1031(a), wire fraud, 18 U.S.C. § 1343, and aiding and abetting, 18 U.S.C. § 2.[1]

2. Defendant is a foreign national, living in Kuwait, and claims to have been in the United States only once, and never in the State of Illinois. The United States has no extradition treaty with the Government of Kuwait, and defendant cannot be extradited or

---

[1] The indictment has been superseded twice. Defendant's motion seeks dismissal of the second superseding indictment, returned August 3, 2006. (doc. #59) All references to the "indictment" herein, are to the second superseding indictment now pending against the defendant.

brought before this Court pursuant to any ordinary judicial process. As long as defendant remains in Kuwait, he is effectively beyond the jurisdiction of this Court.

3. On May 3, 2005, Hijazi's lawyers filed a motion to dismiss the indictment (doc. #15) on various jurisdictional grounds, asserting that the United States cannot obtain either subject-matter or personal jurisdiction over Hijazi. The Court referred the motion to Magistrate Judge Gorman.

4. On May 17, 2005, the United States filed a motion to strike defendant's motion to dismiss and a memorandum in support, (docs. #19, 20), arguing, *inter alia*, that a ruling on defendant's motion to dismiss would be premature until such time as defendant voluntarily appears before this Court and is arraigned on the indictment.

5. The issues were fully briefed by the parties and the magistrate judge was fully informed of the facts and the law. Hijazi's lawyers filed a memorandum in opposition to the government's motion to strike (doc. #23), and the government filed a reply to defendant's opposition (doc. #26).

6. On June 20, 2005, Magistrate Judge Gorman issued a Report and Recommendation (doc. #30), recommending that the government's motion to strike be granted, and that defendant's motion to dismiss be stricken. Magistrate Judge Gorman concluded that it would be inappropriate to decide the issues raised by defendant until such time as he is within the jurisdiction and has been arraigned on the indictment. The defendant filed an objection to the Magistrate Judge's Report and Recommendation (doc. #31), and the government filed a response to the objection (doc. #34).

7. On July 20, 2005, this Court entered an order adopting the Magistrate Judge's Recommendation in part. The Court recognized that defendant would be entitled to a ruling on his motion to dismiss should he appear before the Court. Accordingly, the Court decided not to strike Hijazi's motion, but to hold it in abeyance until after his arraignment. (See Order, July 20, 2005, at pp. 4-5)

8. On December 21, 2007, defendant filed a second motion to dismiss the indictment on jurisdictional grounds (doc. #131), despite the fact that the parties are in the same position they occupied in 2005. Nothing has changed since the Court's 2005 order, and no new facts are alleged to justify defendant's repetition of his motion to dismiss the indictment. Plainly stated, this Court should not rule on defendant's motion until after he appears to answer the charges.

**Argument**

9. The question of this Court's exercise of discretion to rule on the issue of jurisdiction, even before defendant appears in court, has been fully briefed in this case. A decision whether to rule on a motion to dismiss an indictment prior to arraignment is within the sound discretion of the district court. *Hughes v. Thompson*, 415 U.S. 1301, 1302 (1974). The position of the United States remains the same, *to wit*, that this Court should decline to exercise its discretion to rule on the motion to dismiss before the defendant has been arraigned in a court of the United States.

10.     Hijazi is attempting, once again, to obtain the benefit of a favorable ruling without risking the burdens that may flow from an adverse ruling. If this Court were to decide, on the merits, not to dismiss the indictment, the ruling would have no effect on Hijazi because he would simply remain in Kuwait, safely beyond this Court's jurisdiction. However, if the Court were to dismiss the indictment against Hijazi, he would obtain a significant benefit from this Court, at no risk to himself. *See*, *United States v. Oliveri,* 190 F. Supp. 2d 933 (S.D. Tex. 2001).

11.     In its previous order, this Court wisely decided to withhold a ruling and to hold the defendant's motion in abeyance until the issue becomes ripe for decision upon defendant's arraignment. At the same time, in fairness, the Court assured the defendant that he would be entitled to a ruling on the merits of his motion to dismiss should he appear before this Court. (Order, July 20, 2005, at pp. 4-5)

12.     This Court noted in its Order that there would be no "mutuality of litigation" if the Court were to rule on Hijazi's motion. *See*, Order, July 20, 2005, at p. 4. As Magistrate Judge Gorman observed, "Hijazi only wants this Court to resolve the jurisdictional issue if he can be assured that the outcome is favorable to him. There is nothing to indicate that an unfavorable decision would be followed by an appearance of the defendant to defend against the indictment. There is not even the slightest whiff of mutuality." (*See*, Report and Recommendation, June 20, 2005, at p. 5)

13. Defendant cites no authority suggesting that the jurisdictional issue *must* be resolved before the defendant is arraigned. Nothing mandates the court's exercise of discretion here. Indeed, the weight of authority is that the Court should decline to consider the merits of defendant's motion, until he is present and able to respond to whatever judgment the Court may render.

14. The government will not burden the Court by repeating all the arguments, points and authorities advanced in its earlier pleadings on this issue. The government hereby incorporates, by this reference, all the points and authorities advanced in its previous motions and memoranda noted above. Moreover, based on the Court's earlier decision to hold defendant's first motion to dismiss in abeyance, the United States sees no reason to burden the Court with extensive rebuttals and arguments on the merits of defendant's second such motion.

15. The United States submits that the decision and rationale of this Court, expressed in its previous Order, remain sound. Defendant has produced nothing new to persuade the Court to exercise its discretion now. Whatever the merits of Hijazi's second motion to dismiss may be, it should be held in abeyance, along with his first motion to dismiss, until Hijazi is present before this Court.

16. As noted above, the United States submits that this Court need not reach the merits of either of defendant's motions to dismiss the indictment, because they should be held in abeyance, in accordance with this Court's earlier rationale. However, if this

Court, in the exercise of its sound discretion, decides to consider the merits of defendant's arguments at this time, the United States respectfully requests the Court to set a briefing schedule for the parties to submit briefs on the merits.

**Conclusion**

The United States respectfully submits that this Court should decline to exercise its discretion to rule on the merits of defendant's second motion to dismiss the indictment. Further, the United States respectfully requests the Court to hold defendant's first and second motions to dismiss the indictment in abeyance, in accordance with its previous decision, until such time as the defendant appears before this Court for arraignment on the charges.

If the Court decides to consider the merits of defendant's motions at this time, even before defendant appears before the Court, the United States respectfully requests the Court to set a briefing schedule for the parties to submit further arguments on the merits.

        Respectfully submitted,

        RODGER A. HEATON
        UNITED STATES ATTORNEY

By:    /s/   John A. Michelich
        John A. Michelich, Senior Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section
        10th & Constitution Ave., N.W.
        Bond Building, Room 4118
        Washington, D.C.   20530
        (202) 514-0931
        John.michelich@usdoj.gov
        Illinois Bar No. 1903829

By:   /s/ Jeffrey B. Lang
Assistant United States Attorney
1830 2nd Avenue, Third Floor
Rock Island, IL 61201
(309)793-5884

By:   /s/ Matthew J. Cannon
Matthew J. Cannon
Assistant United States Attorney
1830 2nd Avenue, Third Floor
Rock Island, IL 61201
(309)793-5884

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

H. Christopher Bartolomucci
*Counsel for Defendant Ali Hijazi*

Ty Cobb
*Counsel for Defendant Ali Hijazi*

J. Scott Arthur
*Counsel for Defendant Jeff Mazon*

  /s/ Matthew J. Cannon
Matthew J. Cannon
Assistant United States Attorney