UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

|  |  |
|---|---|
| UNITED STATES,            )<br>                          )<br>         Plaintiff,       )<br>                          )<br>v.                        )<br>                          )<br>ALI HIJAZI,               )<br>                          )<br>         Defendant.       )  | Case No. 05-40024 |

DEFENDANT ALI HIJAZI'S MOTION FOR CLARIFICATION
OF THE STATUS OF HIS MOTION TO DISMISS
THE SECOND SUPERSEDING INDICTMENT

Defendant Ali Hijazi hereby moves for clarification of the status of his Motion to Dismiss the Second Superseding Indictment.

BACKGROUND

Hijazi filed his motion to dismiss and supporting memorandum on December 21, 2007. *See* Defendant Ali Hijazi's Motion to Dismiss the Second Superseding Indictment and Request for Oral Argument (Doc. 131) and Memorandum in Support of Defendant Ali Hijazi's Motion to Dismiss the Second Superseding Indictment (Doc. 133) ("Hijazi Mem."). On January 3, 2008, this Court ordered the Government to respond to Hijazi's motion.

On January 24, 2008, rather than responding to the merits of Hijazi's motion to dismiss, the Government filed a motion of its own. *See* Government's Motion to Stay Ruling on Defendant Hijazi's Second Motion to Dismiss the Indictment and to

Hold in Abeyance Pending Arraignment (Doc. 136).  The Government asked this Court "to hold Hijazi's motion in abeyance pending his appearance before this Court."  *Id.* at 1.  The Government urged this Court to hold Hijazi's motion to dismiss in abeyance for the same reasons that the Court decided to place a hold on the motion to dismiss that Hijazi filed on May 3, 2005.  *See id.* at 6 ("The United States submits that the decision and rationale of this Court, expressed in its previous Order, remain sound."); *see also* Order of July 20, 2005, at 4 ("[T]he Court has decided not to render a decision on Hijazi's motion to dismiss until after he is arraigned on the indictment.").

Hijazi filed his opposition to the Government's motion on February 11, 2008. *See* Defendant Ali Hijazi's Opposition to the Government's Motion in Response to Defendant's Motion to Dismiss (Doc. 138) ("Hijazi Opp.").  Hijazi set forth several reasons why his motion to dismiss should not be held in abeyance:  First, doing so inflicts serious hardship on Hijazi, whose reputation, livelihood, freedom to travel, and family relationships have been significantly damaged by being under indictment for three years.  *See id.* at 7.  Second, placing an indefinite hold on Hijazi's motion to dismiss violates due process.  *See id.* (citing *Klopfer* v. *United States*, 386 U.S. 213 (1967) (holding that it violates due process to leave an indictment pending against a defendant indefinitely)).  Third, to hold Hijazi's motion to dismiss in abeyance is to shirk the "first duty" of the Court — the duty to verify that it has jurisdiction in the case before it.  *Id.* at 8 (quoting *Sadat* v. *Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980)).  *See also* Hijazi Mem. at 32-38.  Nevertheless,

this Court apparently has decided to hold Hijazi's motion in abeyance, contrary to all of the foregoing considerations and legal principles.

This Court's apparent decision not to rule on Hijazi's motion to dismiss is also contrary to *Degen* v. *United States*, 517 U.S. 820 (1996). There, the Government indicted Degen, a dual U.S.-Swiss citizen living in Switzerland, where he could not be extradited. The Government also sought forfeiture of his property in the United States. In the forfeiture action, district court refused to entertain Degen's arguments against forfeiture on the ground that he was "outside the country, unamenable to criminal prosecution." *Id.* at 822. The Supreme Court held that the district court's refusal was error. The fact that Degen was living overseas and not subject to extradition was not valid reason to refuse to rule on his legal arguments. So too here. Refusing to rule on Hijazi's motion to dismiss simply because he remains in his home country of Kuwait is every bit as wrong as the district court's refusal in *Degen*.

## GROUNDS FOR MOTION

Hijazi seeks clarification of the status of his Motion to Dismiss the Second Superseding Indictment. Hijazi filed his motion to dismiss (which included a request for oral argument) more than five months ago. More than three months ago Hijazi filed his opposition to the Government's motion to hold his motion in abeyance. The Court has not expressly acted on these competing motions. Under the circumstances, it appears that the Court has granted the Government's motion *sub silentio*. The Court apparently has decided to place an indefinite hold on

Hijazi's motion to dismiss — just as the Court did to the motion to dismiss that Hijazi filed on May 3, 2005. *See* Order of July 20, 2005. At all events, the Court's silence and lack of formal action on the competing motions for several months has had the same effect as an express decision to hold Hijazi's motion in abeyance. 1/

Perhaps Hijazi is wrong, however, and the Court intends to rule on his motion to dismiss in the future. Accordingly, Hijazi respectfully requests that the Court clarify whether it intends to decide or otherwise act upon on his motion. Because of the lack of clarity surrounding the status of Hijazi's motion, it is difficult for him and his counsel to determine whether it would be futile to file additional motions with the Court, such as a motion seeking dismissal based on his constitutional right to a speedy trial. 2/ This lack of clarify also makes it difficult for Hijazi and his counsel to determine whether he should seek relief from another court.

As this Court is aware, Hijazi was first indicted more than three years ago, in March 2005. Hijazi has moved to dismiss the Second Superseding Indictment on jurisdictional, constitutional, and international law grounds. *See* Hijazi Mem. at 3-29. The indictment may also be dismissed on the separate and independent ground

---

1/   The Court may have been delaying decision on Hijazi's Motion to Dismiss the Second Superseding Indictment pending the trial of Hijazi's co-defendant, Jeff Mazon. But that trial ended on April 30, 2008, with a hung jury. Mr. Mazon will not be tried again until, at the earliest, September 29, 2008. The Court should not delay Hijazi's motion pending the new trial.

2/   Hijazi has previously put the Government and the Court on notice of his assertion of his right to a speedy trial and his intention to seek relief, at the appropriate time, for the violation of that right. *See* Hijazi Mem. at 30 n.6.

that the Government has failed to discharge its duty to bring this matter to trial on a timely basis. *See id.* at 29-32. Rule 48(b) of the Federal Rules of Criminal Procedure authorizes the Court to dismiss for want of prosecution, and that action is warranted here.

Hijazi has explained why his motion to dismiss should not be held in abeyance or subjected to an indefinite hold. *See id.* at 32-38; Hijazi Opp. at 7-10. Hijazi respectfully requests that the Court clarify whether it has determined to hold his motion in abeyance. Hijazi also requests that the Court grant his motion to dismiss and dismiss the indictment. 3/

## CONCLUSION

For the foregoing reasons, the Court should grant the instant motion and clarify whether it intends to rule expressly upon Hijazi's motion to dismiss and, if so, when it intends to so rule.

---

3/   Hijazi hereby renews his request under CDIL-LR 7.1(A)(2) for oral argument on his motion to dismiss and the Government's motion to hold in abeyance. If the Court is unsure how to proceed or rule on ether motion, counsel for Hijazi would like the opportunity to appear before the Court.

>Respectfully submitted,
>
>s/ H. Christopher Bartolomucci
>Ty Cobb
>H. Christopher Bartolomucci
>HOGAN & HARTSON L.L.P.
>555 Thirteenth Street, N.W.
>Washington, D.C. 20004
>Telephone:  (202) 637-5600
>Fax:  (202) 637-5900
>TCobb@hhlaw.com
>HCBartolomucci@hhlaw.com

Dated:  June 6, 2008                                  *Counsel for Defendant Ali Hijazi*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2008, I electronically filed the foregoing Defendant Ali Hijazi's Motion for Clarification of the Status of His Motion to Dismiss the Second Superseding Indictment with the Clerk of the Court using the CM/ECF system which will send notification of the filing to:

>Matthew J. Cannon
>Jeffrey B. Lang
>John A. Michelich
>
>*Counsel for Plaintiff*
>
>
>J. Scott Arthur
>Matthew Scot Arthur
>Alan R. Brunell
>
>*Counsel for Defendant Jeff Alex Mazon*

s/ H. Christopher Bartolomucci
H. Christopher Bartolomucci
