UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Crim. No.  4:05-cr-40024-2 |
| ) | |
| ALI HIJAZI (2),   ) | |
| ) | |
| Defendant.   ) | |

## O R D E R

Before the Court are the Motion to Dismiss for Lack of Jurisdiction filed b y Defendant, Ali Hijazi, on December 21, 2007 [Doc. 131], the Motion to Stay Ruling and Hold in Abeyance filed by the Government on January 24, 2008 [Doc. 136] (and the response thereto filed on February 11, 2008 [Doc. 138], and the Motion for Clarification filed by Defendant on June 6, 2008 [Doc. 160].  Also before the Court is the Memorandum Regarding New Authority filed by Defendant on June 23, 2008 [Doc. 161].  For the reasons that follow, the Motion to Dismiss his HELD IN ABEYANCE, the Motion to Hold in Abeyance is GRANTED, and the Motion for Clarification is DENIED AS MOOT.

Also before the Court are the Motion for Leave to Proceed as Amici Curiae filed by the American-Arab Anti-Discrimination Committee (ADC) and the Council on the American Islamic Relations (CAIR) on July 11, 2008 [Doc. 164], the Motion for Leave to Appear Pro Hac Vice field by Leonard L Cavise, attorney for Amici, on July 11, 2008 [Doc. 165], and the Motion for Leave to File Memorandum

Conventionally filed by Amici on July 11, 2008 [Doc. 167]. Each Motion is GRANTED. However, the brief of Amici will be considered at the same time as Defendant's Motion to Dismiss.

## PROCEDURAL BACKGROUND

In a superseding indictment filed on May 20, 2005, Defendant Ali Hijazi (along with Jeff Mazon) is accused of major fraud against the United States and wire fraud related to the supply of fuel tankers used to support military operations in Kuwait. Defendant filed his first Motion to Dismiss, asserting that the Court lacks jurisdiction, on May 3, 2005 [Doc. 15]. The Government sought to strike that Motion [Doc. 19] and, on June 20, 2005, Magistrate Judge Gorman issued a Report and Recommendation on both motions. Judge Gorman recommended that the Motion to Strike be granted and that the Motion to Dismiss be stricken because the jurisdictional question should be addressed once Defendant is arraigned. After objections, this Court held the Motion to Dismiss in abeyance until Defendant is arraigned. [Doc. 36]. The second superseding indictment was filed on August 3, 2006 [Doc. 59] and the pending motions followed thereafter.[1]

---

[1] Defendant filed, along with his Motion to Dismiss, a memorandum in support that exceeded the word limits contained in Local Rule 7.1(B)(4) [Doc. 133]. Because Defendant filed the over-length memorandum before seeking permission, the memorandum was stricken. This Court subsequently granted Defendant leave to file the over-long memorandum; however, Defendant failed to re-file the memorandum. As such, technically, the only document before the Court is the Motion to Dismiss and not the memorandum. However, as the government has not objected (and has been served with a copy of the memorandum), the Court will consider the now stricken memorandum. In order for the record to be clear, Defendant is ORDERED to refile the memorandum in support of his Motion to Dismiss.

## BACKGROUND[2]

The government alleges that Hijazi, in concert with Alex Mazon, perpetuated a scheme to defraud the United States of $3.5 Million.

Throughout early 2000, the United States Army contracted with Kellogg Brown & Root Services, Inc. (hereinafter "KBR"), an American corporation, to provide property and services to the United States military in various locations around the world. In order to perform its end of the bargain, KBR often employed foreign subcontractors and would bill the government the cost of the work (that is, the amount paid to subcontractors) plus its allowable fees. During the relevant time period, from December 2002 to December 2003, Mazon was employed by KBR as the Procurement, Materials and Property Manager and was stationed in Kuwait. As part of his duties, Mazon was responsible for hiring subcontractors to perform work pursuant to KBR's contract with the army. During that time period, one of the subcontractors hired by KBR was LaNouvelle General Trading & Contracting Co., a Kuwaiti company of which Hijazi was a managing partner.

From February 2003 to December 2003, the government alleges that Mazon inflated bids made by various subcontractors in order to make LaNouvelle's bids, which were themselves inflated, appear to be the lowest bid. In particular, the government alleges that on February 2, 2003, Mazon solicited bids from subcontracts for fuel tankers and fuel support to be used in Kuwait. KBR estimated

---

[2] The Court has included only some facts (taken from the Second Superseding Indictment and the parties' pleading) that are relevant to an understanding of the basis of the Motions. The Court has not included every nuance contained in the Second Superseding Indictment or the pleadings filed by the parties.

the cost to be $685,080.  LaNouvelle bid $1,673,100 to perform the job while another company, identified as Company A, bid $1,891,890.  After receiving these original bids, the government alleges that Mazon inflated each bid by at least $4,000,000.  Mazon and Hijazi then signed a contract (Subcontract 39) for the inflated amount, $5,521,230, which was higher than Company A's original bid.  KBR paid the invoices submitted by LaNouvelle over the course of March 2003 to August 2003 (which equaled $5,521,230) and in turn submitted invoices to the United States Army for payment.  The army made payments to KBR from September to December, 2003.

The government alleges that in September 2003, Hijazi gave Mazon "a $1 million draft" in connection with Subcontract 39.  The government further alleges that Hijazi and Mazon attempted to make the payment appear to be a loan: On September 24, 2003, Hijazi e-mailed Mazon (at his employee e-mail account) words to the effect that the "loan" is Mazon's money.  On October 1, 2003, Mazon, while in the United States, attempted to open a bank account to deposit the $1,000,000.  Thereafter, the government alleges that Hijazi sent another e-mail to Mazon's personal account asking him to be careful with what he says to his friends in Kuwait.

The government contends that these actions constitute Major Fraud against the United States in violation of 18 U.S.C. § 1031(a) and §1032 (Counts 1 through 4) and wire fraud in violation of 18 U.S.C. § 1343 and § 1342 (Counts 5 through 10).

## DISCUSSION

Defendant argues that the indictment should be dismissed because the Extraterritoriality Canon prevents the United States from prosecuting foreign conduct; because the charging statutes do not purport to have extraterritorial reach; because the Status of Forces Agreement between the United States and Kuwait bars this Court's jurisdiction; because the prosecution otherwise violates international law; because the exercise of personal jurisdiction of Hijazi violates due process; and, because there has been unnecessary delay.  Defendant points out that he is not a citizen of the United States, that he is a resident of Kuwait, that he has never visited the State of Illinois, and that the only time he was in the United States was for a short visit in 1993.  In response to the Motion, the Government does not address the substantive arguments made by Defendant.  Rather, the Government argues that the Motion should be held in abeyance until Defendant appears before this Court and is arraigned.

The first question to be answered, then, is whether Defendant must first appear and be arraigned before this Court should entertain the Motion to Dismiss. As indicated in this Court's previous Order, it is within this Court's discretion to determine a motion to dismiss prior to arraignment.  Hughes v. Thompson, 415 U.S. 1301, 1302 (1974) (opinion by Justice Douglas).  While this Court still is not of the opinion that Hijazi is a traditional fugitive, such that the line of cases applying the fugitive disentitlement doctrine directly applies, this Court still is of the opinion that Hijazi must appear prior to a ruling on the Motion to Dismiss.  As stated in

this Court's previous Order, a principle justification of the fugitive disentitlement doctrine is mutuality in litigation.  That justification applies here: Hijazi seeks the benefit of a ruling from this Court without the risk that, if the ruling is not in his favor, he appear and be arraigned.  Defendant has provided no additional argument that would compel the Court to revisit that ruling.  As such, his Second Motion to Dismiss and the related additional material is held in ABEYANCE until Defendant is arraigned.

The Court is aware that Defendant has filed a Petition for a Writ of Mandamus before the Seventh Circuit Court of Appeals on August 14, 2008.  This Petition concerns the matters that are before this Court and further assumed that this Court would hold the Motion to Dismiss in abeyance.  While an appeal from a final judgment would divest this Court of jurisdiction to hear further motions, it is within this Court's (or the Court of Appeal's) discretion to stay proceedings in the district court until the writ has been resolved by the appellate court.  See Woodson v. Sugitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995).  No stay has been requested or issued.  This Court's ruling should have no effect on Defendant's posture before the Court of Appeals as he has anticipated this ruling.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Lack of Jurisdiction filed by Defendant [Doc. 131] is HELD IN ABEYANCE; the Motion to Stay Ruling and Hold in Abeyance filed by the Government [Doc. 136] is GRANTED; the Motion for Clarification filed by Defendant [Doc. 160] is DENIED AS MOOT; the Motion for

Leave to Proceed as Amici Curiae filed by the ADC and CAIR [Doc. 164] is GRANTED; the Motion for Leave to Appear Pro Hac Vice field by Leonard L Cavise [Doc. 165] is GRANTED; and, the Motion for Leave to File Memorandum Conventionally filed by Amici [Doc. 167] is GRANTED.

Entered this <u>4th</u> day of September, 2008

                                                    s/ Joe B. McDade
                                                    JOE BILLY MCDADE
                                                 United States District Judge