E-FILED
Wednesday, 21 April, 2010  04:29:29 PM
Clerk, U.S. District Court, ILCD



U.S. Department of Justice

United States Attorney
Central District of Illinois
Headquarters Office

---

Jeffrey B. Lang
United States Attorney

318 South 6th Street
Springfield, IL 62701-1675

TEL: (217) 492-4450
FAX: (217) 492-4512

April 21, 2010

Ms. Pamela Robinson
Clerk of the Court
United States District Court
for the Central District of Illinois
600 East Monroe Street
Springfield, Illinois 62701

**FILED**
APR 2 1 2010
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Re:   United States of America v. Ali Hijazi
      Case No. 05-40024

Dear Ms. Robinson:

The parties in the above-referenced case filed all permitted pleadings relating to the defendant's motions to dismiss the indictment. This Court has not yet ruled on those motions. Government counsel submits this letter in the spirit of Federal Rule of Appellate Procedure 28(j) to draw this Court's attention to the Seventh Circuit's decision in *United States v. Leija-Sanchez*, 2010 WL 1375407, issued April 8, 2010. Government counsel believes that decision is pertinent to the decision in this case.

In *Leija-Sanchez*, Count III of the indictment charged the defendant with violating 18 U.S.C. § 1959 by arranging and paying for a crime (murder) that was committed against a Mexican citizen by Mexican citizens in Mexico. *Id.* at *1. The district court dismissed that count, ruling that § 1959 does not apply extraterritorially. The United States appealed. *Id.* On appeal, the prosecutor argued (as the prosecutor here argues) that *United States v. Bowman*, 260 U.S. 94 (1922), supports the proposition that criminal statutes apply even when elements of the crime occur abroad. The defendant contended (as does Mr. Hijazi) that *Bowman* is no longer good law in light of *EEOC v. Arabian Oil Co.*, 499 U.S. 244 (1991) (*Aramco*), and similar cases. *Leija-Sanchez*, 2010 WL 1375407 *1; d/e 16 at p.4-16.

**Exhibit 1**

Page Two
Ms. Robinson
April 21, 2010

      The Seventh Circuit reversed the district court's dismissal of the charge. It ruled that *Bowman* is still good law and that the presumption against extraterritorial application that applies to civil statutes as in *Aramco* does not apply to "criminal statutes which are, as a class, not logically dependent on their locality for the Government's jurisdiction." *Id.* (quoting *Bowman*, 260 U.S. at 98). The Seventh Circuit specifically explained why the fraud statute at issue in *Bowman* applied extraterritorially against military contractors:

> The statute in *Bowman* was designed to prevent fraud by military contractors during and in the aftermath of World War I. The Justices observed that, because military operations in that war took place throughout the world, the statute must reach frauds hatched abroad.

*Id.* at *2.

      The Court's ruling in *Leija-Sanchez* supports the government's position here.

Very truly yours,

JEFFREY B. LANG
United States Attorney

Joseph H. Hartzler
Assistant United States Attorney