**E-FILED**
Friday, 16 July, 2010  02:44:50 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# AT ROCK ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 05-40024-02** |
| **v.** | ) | |
| | ) | |
| **ALI HIJAZI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENTS' RESPONSE TO DEFENDANT HIJAZI'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The United States of America, through its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and Jeffrey B. Lang, Supervisory Assistant United States Attorney, hereby responds to defendant Ali Hijazi's objections to the Magistrate Judge's Report and Recommendation filed in this matter, and states:

The Magistrate Judge's Report and Recommendation comprehensively addresses the multitude of issues defendant Ali Hijazi raised in his motions to dismiss the indictment. The Report and Recommendation correctly concludes that those motions should be denied. (d/e 230)

1

For his objections, Hijazi complains of every substantive conclusion reached in the Report and Recommendation. With one exception[1], Hijazi merely rehashes the same arguments that failed to persuade the Magistrate Judge that his position is correct. (d/e 233)  In addition, Hijazi criticizes the Magistrate Judge for supposedly ignoring the decision of the Seventh Circuit Court of Appeals in this case as though that court's ruling establishes law of the case on the issues before this court. (d/e 233, p. 1-2)  This criticism fails to recognize the Seventh Circuit's explicit decision to refrain from ruling on the merits of Hijazi's motions to dismiss.[2]  Though the Seventh Circuit's opinion addressed several issues discussed by the lower court when Hijazi initially petitioned for a writ of mandamus, the Court of Appeals chose to address those issues only with regards to the granting of the writ itself; the court's instructions on remand were limited

---

[1] Hijazi references two cases addressing *in personam* jurisdiction over foreign entities decided after the publication of the Seventh Circuit's opinion in *In re: Hijazi*, 589 F.3d 401 (7th Cir. 2009). These cases, however, are inapposite for several reasons, as discussed below.

[2] "We raise this only to underscore the fact that the outcome of Hijazi's motion is by no means a foregone conclusion, either in favor of the government or in his favor. What is essential is a ruling on that motion. While we considered the question whether this court should rule directly on the merits of the motion, we have concluded that this is not the best way to proceed. As the authorities we have mentioned make clear, there could be facts that the district court needs to explore; the district court is familiar with the developments in Mazon's prosecution; and we are not persuaded that this is an appropriate case in which to cut off the usual method of proceeding." *In re: Hijazi*, 589 F.3d at 412.

2

to directing the lower court to promptly rule on Hijazi's motions to dismiss the

indictment.

**ARGUMENT**

**I. The Magistrate Judge Correctly Determined that this Court has Personal Jurisdiction Over Defendant Ali Hijazi.**

Hijazi contends that the Magistrate Judge incorrectly concluded that this

court may properly exercise jurisdiction over him. (d/e 233, p. 2)  In support of

that contention, Hijazi points to two cases, *Tamburo v. Dworkin*, 601 F.3d 693 (7th

Cir. 2010), and *Baragona v. Kuwait Gulf Link Transport Co.,* 691 F.Supp.2d 1351

(N.D. Ga. 2009), *aff'd*, 594 F.3d 852 (11th Cir. 2010). Neither of these cases,

however, address the issue of personal jurisdiction as it occurs in Hijazi's case.

In *Tamburo*, the Seventh Circuit held that general jurisdiction could not be

exercised over a foreign corporation in the absence of "systematic and

continuous" contacts with the forum state of the action in tort. *Tamburo*, 601 F.3d

at 701.  In *Baragona*, that court held that personal jurisdiction could not be

exercised over a Kuwaiti transport company in a wrongful death action brought

in the Northern District of Georgia by the parents of a U.S. Army officer killed in

Iraq, where the defendant's contacts with the State of Georgia were "nonexistent

or *de minimis* at best." *Baragona*, 691 F.Supp.2d at 1366.

3

Hijazi argues that these cases indicate that he is not subject to this court's jurisdiction, since his conduct "all occurred in a foreign state," (d/e 233, p. 14) and that his other contacts fail to justify personal jurisdiction over him. (d/e 233, p. 15-19)  The Magistrate Judge explicitly rejected that claim. (d/e 230, p. 34) (dismissing *Baragona* as dissimilar to *Hijazi* because *Baragona* was an instance where "the alleged misconduct and injury" both were extraterritorial). The extensive discussion in the Report and Recommendation regarding the unique nature of criminal acts committed against a sovereign nation demonstrates that Hijazi's actions in scheming to defraud the United States leave him well within the power of the court. (d/e 233)

Unlike the cases cited by Hijazi, this prosecution deals with a defendant whose actions were criminal by design, with the specific intent of causing injury to the United States as a nation. *Tamburo* and *Baragona* concerned private tort actions, each requiring a determination in the interests of "fair play and substantial justice," *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).  In this case, the court's power over Hijazi must be analyzed with an eye towards the rights of a sovereign nation in defending itself from assault by those outside its borders. The Magistrate Judge thoroughly considered this unique aspect of this prosecution, and correctly concluded that jurisdiction over Hijazi would be in

4

accord with established precedent in the United States, and with international law at large. (d/e 233, p. 31-36)  Accordingly, since Hijazi fails to provide any additional relevant grounds in support of his objection on this point, it should be denied.  Further, the government herein reasserts and incorporates by reference its position stated in its Consolidated Response to Defendant Hijiazi's Motions to Dismiss the Indictment filed on February 1, 2010. (d/e 217)

## II. The Magistrate Judge's Report and Recommendation Adequately Addresses the Issues in Hijazi's Remaining Objections.

None of Hijazi's remaining objections raise new issues for this court to consider.  Instead, Hijazi simply mirrors the arguments he made in previous filings. The Report and Recommendation addresses each of the issues Hijazi's remaining objections focus upon,[3] and correctly rejects them.  Again, the government herein reasserts and incorporates by reference its positions stated in its Consolidated Response.  Accordingly, this court should overrule these remaining objections and deny Hijazi's motions to dismiss.

---

[3] Hijazi's objections range from additional arguments against personal jurisdiction, to the Magistrate Judge's construal of the Major Fraud Act and the Wire Fraud statute, to the relevance of the Defense Cooperation Agreement as regards Hijazi's case, and to various arguments that his right to a speedy trial has been violated.

## CONCLUSION

For the reasons set forth above, and the arguments set forth in its previously-filed Consolidated Response, the United States of America respectfully requests that this court overrule Hijazi's objections to the Report and Recommendation issued by the Magistrate Judge, and deny his motions to dismiss.

Respectfully submitted,

UNITED STATES OF AMERICA

JAMES A. LEWIS
UNITED STATES ATTORNEY

By:    /s/ Jeffrey B. Lang
Jeffrey B. Lang
Supervisory Assistant U.S. Attorney
1930 Second Avenue, Third Floor
Rock Island, Illinois 61201
Telephone: (309) 793-5884

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> H. Christopher Bartolomucci
> Thomas L. McGovern III
> Dominic F. Perella
> HOGAN & HARTSON L.L.P.
> 555 Thirteenth Street, N.W.
> Washington, D.C. 20004
>
> Vincent J. Connelly
> Zaldwaynaka Scott
> Dana S. Douglas
> MAYER BROWN L.L.P.
> 71 South Wacker Drive
> Chicago, IL 60606

/s/   Jeffrey B. Lang
Jeffrey B. Lang
Assistant U.S. Attorney