UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 05-40024 ) |
| ALI HIJAZI, | ) ) ) |
| Defendant. | ) ) |

**NOTICE OF NEW SUPREME COURT AUTHORITY**

On June 24, 2010, the Supreme Court handed down its most significant extraterritoriality decision in two decades.  *See Morrison* v. *National Australia Bank Ltd.*, 2010 WL 2518523.  *Morrison*, which involved a securities fraud claim, makes clear that the fraud statutes at issue here do not apply extraterritorially. *Morrison* establishes the following binding legal principles:

First, the presumption against extraterritoriality applies to *all* federal statutes.  *See id.* at *8 ("we apply the presumption in all cases").

Second, the presumption applies even if some domestic conduct is involved. The Court rejected the notion that the presumption becomes inapplicable "whenever *some* domestic activity is involved in the case," observing that "it is a rare case of prohibited extraterritorial application that lacks *all* contact with the territory of the United States."  *Id.* at *11 (emphases in original).

Third, whether Congress intended a statute to apply extraterritoriality is determined by construing the statutory text, not by examining domestic effects and conduct.  *See id*. at *7 (rejecting the Second Circuit's "effects test" and "conduct test").

Fourth, statutory "silence means no extraterritorial application." *Id*. at *8. The Supreme Court laid down this test:  "When a statute gives no clear indication of an extraterritorial application, it has none." *Id*. at *5.  It held that § 10(b) of the Securities and Exchange Act of 1934 did not meet that test:  "On its face, § 10(b) contains nothing to suggest it applies abroad." *Id*. at *9.

The Supreme Court noted that in a prior case involving the wire fraud statute, "[t]he *Pasquantino* Court said that the petitioners' 'offense was complete the moment they executed the scheme inside the United States,' and that it was '[t]his domestic element of petitioners' conduct [that] the Government is punishing.' "  *Id*. at *13 (quoting *Pasquantino* v. *United States*, 544 U.S. 349, 371 (2005) (brackets in *Morrison*)).

Respectfully submitted,

s/ H. Christopher Bartolomucci
H. Christopher Bartolomucci
Thomas L. McGovern III
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5810
Facsimile:  (202) 637-5910
HCBartolomucci@hhlaw.com
TLMcGovern@hhlaw.com

Zaldwaynaka Scott
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 706-8308
ZScott@mayerbrown.com

Dated:  July 20, 2010                                                      *Counsel for Defendant Ali Hijazi*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2010, I electronically filed the foregoing Notice of New Supreme Court Authority with the Clerk of the Court using the CM/ECF system which will send notification of the filing to:

>Jeffrey B. Lang
>Joseph H. Hartzler
>Matthew J. Cannon
>John A. Michelich
>
>*Counsel for the United States*

s/ H. Christopher Bartolomucci<br>H. Christopher Bartolomucci