IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-40024-02 |
| v. | ) | |
| | ) | |
| ALI HIJAZI, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT HIJAZI'S
### NOTICE OF NEW AUTHORITY

The United States of America, through its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and Jeffrey B. Lang, Supervisory Assistant United States Attorney, hereby responds to defendant Ali Hijazi's Notice of New Supreme Court Authority filed in this matter, and states:

Hijazi argues that the Supreme Court's decision in *Morrison v. National Australia Bank Ltd.*, 2010 WL 2518523, is binding authority which holds that "the fraud statutes at issue here do not apply extraterritorially."  (d/e 236, p. 1) However, Hijazi fails to acknowledge or address the distinguishing fact that his prosecution is a criminal matter, unlike the civil action in *Morrison* pitting private litigants against each other.

The government recognizes that *Morrison* affirms the general notion that a presumption against extraterritoriality applies to federal statutes.  The Magistrate Judge clearly did not disagree with that proposition and, in fact, directly addressed it.  The Magistrate Judge correctly concluded in the Report and Recommendation that the criminal nature of Hijazi's actions places this case firmly in the category of exceptions to the presumption. (d/e 230, p. 13-36)

The Supreme Court explicitly noted that the *Morrison* holding was not designed to eliminate the exceptions to the presumption of extraterritoriality: "But we do not say, as the concurrence seems to think, that the presumption against extraterritoriality is a 'clear statement rule,' [citation omitted], if by that is meant a requirement that a statute say 'this law applies abroad.' Assuredly context can be consulted as well." 2010 WL 2518523 at 10.  Hijazi's prosecution is a prime example of an instance where context illuminates the issue of extraterritorial application.

As discussed by the Magistrate Judge, Hijazi is criminally charged with having defrauded the United States government. Unlike *Morrison*, which dealt with securities fraud allegedly perpetrated by a foreign corporation on a foreign securities exchange, this prosecution deals with the sovereign right of the United States to defend itself from outside attack, and to punish those who commit the

attack. As noted in the Report and Recommendation, international law has long held that a sovereign nation may apply its law to "conduct outside its territory by persons not its nationals that is directed against the security of the state. . . ." (d/e 230, p. 32) (quoting from the Restatement (Third) of Foreign Relations). Finally, the Report and Recommendation correctly notes that the Supreme Court held in *Bowman* that an exception to the presumption exists in certain criminal statues: "[they] are, as a class, not logically dependent on their locality for the government's jurisdiction, but are enacted because of the right of the government to defend itself against obstruction, or fraud wherever perpetrated. . . ." (d/e 230, pg. 17) (quoting from *United States v. Bowman*, 260 U.S. 94 (1922)). *Morrison* does not contradict or otherwise affect *Bowman*'s conclusion.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        JAMES A. LEWIS
        UNITED STATES ATTORNEY

By:   /s/   Jeffrey B. Lang
        Jeffrey B. Lang
        Supervisory Assistant U.S. Attorney
        1830 Second Avenue, Third Floor
        Rock Island, Illinois 61201
        Telephone: (309) 793-5884

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    H. Christopher Bartolomucci
    Thomas L. McGovern III
    Dominic F. Perella
    HOGAN & HARTSON L.L.P.
    555 Thirteenth Street, N.W.
    Washington, D.C. 20004

    Vincent J. Connelly
    Zaldwaynaka Scott
    Dana S. Douglas
    MAYER BROWN L.L.P.
    71 South Wacker Drive
    Chicago, IL 60606

    /s/ Jeffrey B. Lang
    Jeffrey B. Lang
    Assistant U.S. Attorney